UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL C. ROGERS,

                Plaintiff,           Civil Action No. 16-10063
                                      Honorable David M. Lawson
    v.                          Magistrate Judge David R. Grand

JUDGE WILLIAM CRAWFORD,
MICHAEL J. THELIE, JOHN
BOTTLES, JUDGE McARA, JUDGE
BEAGLE, and JUDGE LAURA BAIRD,

                Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISMISS, *SUA SPONTE*, PLAINTIFF'S COMPLAINT [1] UNDER 28 U.S.C. §1915(e)

## I.    RECOMMENDATION

This case has been referred to the undersigned for management, hearing and determination of all pretrial matters pursuant to 28 U.S.C. §636(b)(1)(A), and for any reports and recommendations on dispositive matters that may be necessary pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #8).

Plaintiff Samuel C. Rogers ("Rogers") has been granted leave to proceed *in forma pauperis* in this matter. (Doc. #7). The Court now having assessed the sufficiency of the complaint pursuant to 28 U.S.C. §1915(e), **IT IS RECOMMENDED** that Rogers' complaint be dismissed *sua sponte*.

## II.    REPORT

### A.    Background

On January 7, 2016, Rogers filed a complaint against seven judges: Judge William Crawford, Judge Michael Thelie, Judge John Bottles, Judge McAra, Judge Beagle, Judge Laura

Baird, and Judge Neithercut.[1]  (Doc. #1).  In his complaint, which is virtually incomprehensible in many respects, Rogers alleges that he was "stalked by a group of black mafia men who was also controlling the courts in Genesee County"; he was falsely arrested in 2005 when he "tried to file complaints with the Michigan state police"; and the "entire courts in Genesee County and Ingham County got involved in these serious violations of [his] rights …."  (Doc. #1 at 3, 4). Only two of the named defendants are explicitly mentioned in Rogers' complaint:  he asserts that "Judge McAra was paid to retire" (*Id.* at 4), and that Judge William Crawford placed a warrant for his arrest "while being out on bond" and also held him in jail "while being on bond … for no legal reason" (*Id.*).  A third defendant is mentioned in a letter filed with the Court on February 3, 2016, wherein Rogers alleges that when he filed his "appeals with the 7th Judicial Circuit court Judge Neithercut dismiss[ed] [his] complaint for no legal reason …."  (Doc. #11 at 1).

### B.    Discussion

Once a complaint is filed *in forma pauperis* under 28 U.S.C. §1915(a), the court must test its sufficiency under §1915(e).  Pursuant to 28 U.S.C. §1915(e)(2)(B), a court "shall dismiss" a case at any time if it:  "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

The Court is required to construe Rogers' *pro se* complaint liberally and hold his complaint to a less stringent standard than one drafted by an attorney.  *See Spotts v. United States,* 429 F.3d 248, 250 (6th Cir. 2005).  Even applying this liberal standard, however, the Court concludes that Rogers' complaint fails to state a claim upon which relief may be granted, and seeks monetary relief against defendants who are immune, and, thus, should be dismissed

---

[1] Although Judge Neithercut is not named as a defendant in the caption of Rogers' complaint, he is listed as a defendant in the body of the complaint.  (Doc. #1).  Thus, the Court will address Rogers' allegations against Judge Neithercut.

2:16-cv-10063-DML-DRG   Doc # 12   Filed 02/24/16   Pg 3 of 5   Pg ID 42

pursuant to 28 U.S.C. §1915(e)(2)(B).

State court judges enjoy absolute immunity from liability for actions taken in their judicial capacity in matters over which they have jurisdiction. *See Johnson v. Wayne County*, 2006 WL 3086938, at *2 (E.D. Mich. Oct. 30, 2006) (citing *Mireles v. Waco*, 502 U.S. 9, 9-12 (1991)). As the Sixth Circuit has made clear:

> It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions. State judges enjoy absolute immunity from liability under 42 U.S.C. §1983. Judicial immunity exists even where a judge acts corruptly or with malice.

*Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (internal quotations and citations omitted). This is because the principle of independent judicial decision-making "is so important to our system of jurisprudence that judicial immunity even extends to allegations of judicial acts done incorrectly, maliciously or corruptly." *King v. Caruso*, 542 F. Supp. 2d 703, 728 (E.D. Mich. 2008). Indeed, judges are "absolutely immune from liability for [their] judicial acts even if [their] exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978).

In this case, by Rogers' own admission, Judge Crawford was acting in his judicial capacity and performing judicial functions when issuing a warrant for his arrest and/or holding him in jail on a bond. With respect to Judge McAra, Rogers alleges that he was "paid to retire" because "these people had to clean up their mess." (Doc. #1 at 4). This allegation makes little sense – and, at most, suggests that Judge McAra took *no* action with respect to Rogers. Similarly, Rogers' allegation that Judge Neithercut dismissed his complaint "for no legal reason" clearly establishes that, although Rogers might have disagreed with this decision, Judge Neithercut was acting in his judicial capacity. As to the remaining defendants, all of whom are state court judges, Rogers makes no specific allegations; rather, he merely asserts that the "entire

3

courts in Genesee County and Ingham County" violated his rights. Such a vague and conclusory assertion clearly fails to state a claim on which relief can be granted. *See, e.g., Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights). For all of these reasons, Rogers' claims against Defendants should be dismissed with prejudice. *See id.*

## III.   CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that Rogers' complaint be **DISMISSED** in its entirety and with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)**.**


Dated: February 24, 2016                               s/David R. Grand
Ann Arbor, Michigan                                    DAVID R. GRAND
                                                       United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to

E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 24, 2016.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager