UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL C. ROGERS,

        Plaintiff,

v.

JUDGE WILLIAM CRAWFORD, MICHAEL
J. THELIE, JOHN BOTTLES, JUDGE McARA,
JUDGE BEAGLE, and JUDGE LAURA BAIRD,

        Defendants.

Case Number 16-10063
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, AND DISMISSING CASE

Samuel C. Rogers has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 against seven state court judges: Judge William Crawford, Judge Michael Thelie, Judge John Bottles, Judge McAra, Judge Beagle, Judge Laura Baird, and Judge Neithercut. Judge Neithercut is not named in the caption, but he is listed as a defendant in the body of the complaint. The Court referred this case to Magistrate Judge David R. Grand for pretrial management. On February 24, 2016, Judge Grand filed a report recommending that the Court dismiss the case on its own motion after he completed the screening required by 28 U.S.C. § 1915(e)(2)(B). The plaintiff filed timely objections. After reviewing the objections and considering the matter afresh, the Court concludes that the plaintiff's complaint fails to state a claim for which relief can be granted, and the magistrate judge correctly recommended that it must be dismissed. Therefore, the Court will adopt the report and recommendation and dismiss the complaint.

I.

The plaintiff's complaint tends to ramble and is difficult to follow. It appears that the plaintiff's claim begins with the allegation that his birth records were falsified to prevent him from learning that his biological parents are Charles Harding Mott Jr. and Isabel Scott Mott. Among his other allegations, the plaintiff contends that the Mott family used their influence over Ingham and Genesee County, Michigan court judges to deprive him of his civil rights and prevent him from seeking his inheritance. In his complaint, the plaintiff makes a general allegation that the Ingham and Genesee County courts have been using his Social Security number illegally, perhaps to enforce a child support order, although it is not clear in what manner. Although the plaintiff names seven judges in his complaint, he only mentions Judge Crawford and Judge McAra by name in his allegations.

The plaintiff alleges that Judge Crawford issued a warrant for the plaintiff's arrest for trespassing on the University of Michigan campus sometime in 2005. The plaintiff contends that Judge Crawford "held him in Jail while being on bond by him for no legal reason." He further alleges that Mr. Mott hired an attorney, who worked with Judge Crawford, to keep him in jail. The plaintiff maintains that Mr. Mott told him that "they had to find a Judge that would do what they need them to do, and that Judge McAra was paid to retire." The significance of Judge McAra's retirement is not apparent from the complaint.

On April 13, 2016, the plaintiff filed a motion to amend the complaint to add the "Federal Trade Commission, Consumer Protection Agency." Mot. to Amend Compl. at 1. However, the motion relates to a case that was before another judge in this district, *see* docket no. 16-10136, and not the case before this Court. That other case was dismissed on February 1, 2016.

The present case originally was assigned to a different judge in this district, but it was transferred to this Court as a companion to case number 15-14211. *See* E.D. Mich. LR 83.11(b)(7)(A). On January 28, 2016, the Court granted the plaintiff's request to proceed *in forma pauperis* and referred the case to the magistrate judge for general case management. The magistrate judge issued his report on February 24, 2016 recommending dismissal, and the plaintiff mailed his objections on March 4, 2016. On April 13, 2016, the plaintiff filed a motion to amend the complaint. The plaintiff also filed twelve letters with the Court attempting to explain different aspects of his case, none of which make his allegations any clearer.

After screening the plaintiff's case under 28 U.S.C. § 1915(e), Judge Grand recommended that the Court dismiss Rogers's case on its own motion for failure to state a claim, because the plaintiff was seeking relief from defendants who are immune from suit. Judge Grand read the complaint (generously) as alleging conduct against various state court judges performed in their judicial capacities, and therefore for which they were absolutely immune. Judge Grand reasoned that because the complaint fails to state a claim under 42 U.S.C. § 1983, the plaintiff should not be able to proceed. Judge Grand recommended that the Court dismiss the case.

The plaintiff filed objections within the time permitted. However, although those objections furnish a few more facts, they do not demonstrate that Judge Grand failed to read the complaint correctly, or show that the defects Judge Grand identified can be overcome.

II.

Objections to a report and recommendation are reviewed *de novo*. 28 U.S.C. § 636(b)(1). This *de novo* review requires the Court to re-examine all of the relevant evidence previously

reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Congress mandated that the Court screen for colorable merit every complaint filed when the plaintiff has been relieved of paying the filing fee in advance under 28 U.S.C. § 1915(a). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)). The screening

statute that applies to cases in which the plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is appropriate if the plaintiff's civil rights complaint, filed *in forma pauperis*, lacks an arguable basis when filed. *Benson*, 179 F.3d at 1015-16.

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and is held to "less stringent standards" than a complaint drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001). Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The screening mandated by Congress in

section 1915(e)(2) includes the obligation to dismiss civil complaints filed by plaintiffs granted pauper status if they "fail[] to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In response to Judge Grand's finding that the plaintiff's case was barred by judicial immunity, the plaintiff objected by asserting that Judge Crawford was acting in a "judicial manner." Obj. at 2-3. He argues that he is not suing the defendants in their judicial capacity, rather he is suing them personally. The plaintiff makes various allegations concerning his state court proceedings, but the basic premise of the allegations is that the Mott family and the mafia influenced state court judges to take actions against the plaintiff.

The plaintiff did not enumerate his objections, but it appears that his remaining objections concern the underlying merits of cases to which the plaintiff was a party in state court. For example, the plaintiff argues that Judge Thelie denied his motion for relief from child support erroneously because there was no evidence establishing the plaintiff's paternity. The plaintiff alleges, without support, that Judge Baird allowed her name to be used illegally on documents related to the child support. And the plaintiff contends that Judge Neithercut and Judge Beagle both took actions against him in state court cases, although it is not clear what the actions were or even which cases the plaintiff is referencing.

None of these arguments serve to undermine the finding that the claims the plaintiff seeks to advance are barred by judicial immunity. "'[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher*, 13 Wall. 335, 347

(1872)). Therefore, judges enjoy judicial immunity, which "is an immunity from suit, not just from ultimate assessment of damages." *Id*. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Judicial immunity is lost in only two circumstances: "(1) where the judge acts in a non-judicial capacity; and (2) where the judge acts 'in the complete absence of all jurisdiction.'" *Mann v. Conlin*, 22 F.3d 100, 103 (6th Cir. 1994) (quoting *Mireles*, 502 U.S. at 9). "'[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties.'" *Mireles*, 502 U.S. at 12 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)).

The plaintiff insists that he is suing the judge "personally," and not for their actions as judges. However, as the magistrate judge described well in his report, the conduct about which the plaintiff complains concerns orders and adjudications made by some of the judges named in the complaint. Even in his objections, the plaintiff fails to see that his complaint focuses on judicial action. For instance, he states that he is not suing Judge Crawford "for acting in a judicial manner"; but then he explains that while he was incarcerated, Judge Crawford issued a warrant that eventually resulted in his arrest, which he alleges resulted in constitutional violations against him by authorities. The act of issuing an arrest warrant is a judicial action.

The rest of the plaintiff's objections, like his other submissions, alternate between his narrative and his legal theories. Most of the plaintiff's other objections, however, are too general and do not satisfy the objection requirement, even when construed liberally. *Spencer*, 449 F.3d at 725. Nonetheless, to the extent that the plaintiff's objections are clear enough to enable the Court to discern issues that are dispositive and contentious, the plaintiff's objections are without merit.

The remainder of the plaintiff's objections speak generally about his disagreement with the results of his state court proceedings. Those objections, however, likewise do not describe any actions taken by the defendants that were non-judicial. Ordering child support payments for example, and denying motions are quintessentially judicial acts. The actions taken by the defendants in the normal course of state court proceedings cannot form the basis of a suit against the defendants. *Mireles*, 502 U.S. at 12. Even after reading the plaintiff's objections most generously, the Court cannot find any merit in them.

The plaintiff's motion to amend will be dismissed because it appears that it was filed in this case by mistake.

### III.

The Court agrees with the recommendations of the magistrate judge and finds that the plaintiff's objections are without merit. Upon *de novo* review under 28 U.S.C. § 1915(e)(2)(B), the Court determines that the lawsuit must be dismissed.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #12] is **ADOPTED**, and the plaintiff's objections [dkt. #14] are **OVERRULED**.

It is further **ORDERED** that the motion to amend the complaint [dkt. #17] is **DISMISSED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

                                                      s/David M. Lawson
                                                      DAVID M. LAWSON
                                                      United States District Judge

Dated: July 15, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 15, 2016.

          s/Susan K. Pinkowski
          SUSAN K. PINKOWSKI